UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDEL O. SMICKLE,

                Plaintiff,

-against-

ATTORNEY MICHAEL CROCE,

                Defendant.

23-CV-3439 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Shawangunk Correctional Facility, filed this complaint *pro se* under 42 U.S.C. § 1983.[1] By order dated April 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Plaintiff originally filed his complaint in the United States District Court for the Eastern District of New York, and that court transferred the matter here. *See Smickle v. Croce*, No. 23-CV-2697 (E.D.N.Y. Apr. 24, 2023).

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In 2017, a jury in the New York Supreme Court, New York County, convicted Plaintiff of first and second-degree robbery, and second-degree criminal possession of a weapon, and sentenced him to 15 years' imprisonment. The New York Supreme Court, Appellate Division, First Department affirmed the conviction, and the New York Court of Appeals denied Plaintiff leave to appeal. *See People v. Smickle*, 201 A.D.3d 525, 525-26 (1st Dep't Jan. 18, 2022), *leave denied*, 38 N.Y.3d 954 (Mar. 31, 2022).

In this complaint, Plaintiff asserts myriad ineffective assistance of counsel claims against Michael Croce, the "18-B assigned counsel" who represented Plaintiff during the state court criminal proceedings. (ECF 1 at 1-3.)

## DISCUSSION

**A.      Section 1983 claims**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against Defendant Croce. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,

531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). As Defendant Croce is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983.[3]

**B.      State law claims**

Plaintiff's assertions may implicate claims under state law. Under 28 U.S.C. § 1367(c)(3), a federal district court is authorized to decline to exercise supplemental jurisdiction of state law claims once it has dismissed all of the federal claims of which it had original jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("Generally, when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

---

[3] Plaintiff has already filed a *habeas corpus* petition under 28 U.S.C. § 2254, challenging the legality of the underlying conviction. *See Smickle v. Sup't, Shawangunk Corr. Fac.*, No 23-CV-1634 (JHR) (SDA) (S.D.N.Y. filed Feb. 24, 2023) (pending).

Because Plaintiff's complaint fails to state a federal claim, the Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may seek to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state law claims where no federal claims remained).

**C.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione, 657 F.3d 116, 123–24 (2d Cir. 2011)*; *Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)*. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims arising under state law. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   June 20, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge